UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

F I L E D

JUL 3 1 2019

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

DONNA MARIE PRYOR, §
TDCJ No. 01859201, §
§
Petitioner, §
§
v. § CIVIL NO. SA-17-CA-0492-OLG
§
LORIE DAVIS, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
§
Respondent. §

**MEMORANDUM OPINION AND ORDER ON REMAND**

In December 2017, the Court dismissed Petitioner Donna Marie Pryor's federal petition for a writ of habeas corpus challenging her state court conviction for driving while intoxicated. (ECF No. 17). On appeal, the Fifth Circuit granted Petitioner a certificate of appealability (COA) after determining that jurists of reason would debate this Court's implicit procedural ruling not to permit Petitioner to amend her federal petition with a claim apparently embedded in her reply brief (ECF No. 16). *Pryor v. Davis*, 739 F. App'x 268, 269 (5th Cir. 2018) (unpublished); (ECF No. 24). As a result, the Fifth Circuit vacated, in part, this Court's judgment and remanded for further consideration of Petitioner's amended claim—namely, whether the prosecution "violated her due process rights by urging the jury to impose a harsh prison sentence based on Texas's parole and good-time credit procedures." *Id.*

Currently before the Court on this issue are Respondent's Amended Answer (ECF No. 29) and Petitioner's Reply (ECF No. 30). In her Amended Answer, Respondent contends that Petitioner's amended allegation should be dismissed with prejudice as procedurally defaulted and time-barred. Petitioner does not rebut these arguments in her reply, instead

briefing only the merits of her amended allegation. Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's amended allegation has not been presented to the highest state court for review and is thus unexhausted and procedurally barred from federal habeas review. The Court also agrees that the allegation is untimely and barred by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a COA.

## I. <u>Background</u>

As set forth in this Court's previous opinion, Petitioner was convicted of felony driving while intoxicated (enhanced) in May 2013 and was sentenced to ninety-nine years of imprisonment. *State v. Pryor*, No. CR2012-208 (207th Dist. Ct., Comal Cnty., Tex. May 15, 2013) (ECF No. 15-1 at 72). Her conviction and sentence were affirmed on direct appeal, and the Texas Court of Criminal Appeals (TCCA) refused her petition for discretionary review (PDR) on November 4, 2015. *Pryor v. State*, No. 03-13-00347-CR, 2015 WL 2066228, at *1 (Tex. App.—Austin, May 1, 2015, pet. ref'd) (ECF No. 15-8); *Pryor v. State*, No. PD-1005-15 (Tex. Crim. App.) (ECF No. 15-12). On September 19, 2016, Petitioner filed a state habeas corpus application challenging the constitutionality of her state court conviction and sentence, which the TCCA later denied without written order on February 8, 2017, based on the findings of the trial court without a hearing. *Ex parte Pryor*, No. 86,000-01 (Tex. Crim. App.) (ECF Nos. 15-13 at 23; 15-15).

Petitioner initiated the instant federal proceedings on May 23, 2017, when she placed a form petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 in the prison mailing system. (ECF No. 1 at 10). In the petition, Petitioner alleged that: (1) her trial counsel was ineffective in failing to object to her ninety-nine year sentence on the grounds that it violated the

2

Eighth Amendment's prohibition on cruel and unusual punishment, and (2) she was denied due process of law under the Fourteenth Amendment when the state appellate court conducted an incomplete review of the facts and law. Following Respondent's Answer (ECF No. 14), Petitioner filed a Reply on October 26, 2017, wherein she explicitly withdrew her second claim for relief because the claim was unexhausted and procedurally barred. (ECF No. 16 at 6, 21). As a result, the Court considered only Petitioner's claim of ineffective assistance when it dismissed her § 2254 petition on the merits on December 12, 2017. (ECF No. 17).

Petitioner appealed this decision to the Fifth Circuit, arguing, in part, that the district court implicitly (and erroneously) rejected her attempt to amend her § 2254 petition with several new claims for relief brought forth in her reply brief. In an unpublished opinion issued October 2, 2018, the Fifth Circuit determined that this Court had abused its discretion by not liberally construing Petitioner's reply as a motion to amend, but found that only one of the new claims—the due process allegation mentioned previously—stated a valid constitutional claim for relief. *Pryor*, 739 F. App'x at 268-269. Thus, the Fifth Circuit granted a COA on the district court's "implicit procedural ruling" that prevented the consideration of Petitioner's due process claim and remanded for further consideration of the amended allegation. *Id.* Supplemental briefing on this issue has now been provided by both parties (ECF Nos. 29, 30) and the case is ripe for adjudication.[1]

---

[1] Following remand, Petitioner also filed a motion to rescind the withdrawal of her second claim for relief regarding the state appellate court conducting an incomplete review of her case. (ECF No. 27). However, the Fifth Circuit already determined that Petitioner waived this allegation because she explicitly withdrew it in her original reply brief to this Court. *Pryor*, 739 F. App'x at 268 (citing *Wood v. Milyard*, 566 U.S. 463, 474 (2012)). Moreover, this Court is without authority to address the allegation because it is outside the scope of the Fifth Circuit's remand. Under the mandate rule, a district court on remand "must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court." *United States v. Teel*, 691 F.3d 578, 583 (5th Cir. 2012) (alteration in original) (quoting *United States v. McCrimmon*, 443 F.3d 454, 459 (5th Cir. 2006)). Because the Fifth Circuit's remand only authorizes review of one claim—Petitioner's amended due process claim—review of Petitioner's waived allegation would be improper. Thus, Petitioner's motion (ECF No. 27) will be denied.

## II. Analysis

### A. Exhaustion and Procedural Default

Before seeking review in federal court, a habeas corpus petitioner must first present his claims in state court and exhaust all state court remedies through proper adjudication on the merits. *See* 28 U.S.C. § 2254(b)(1)(A) (stating that habeas corpus relief may not be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). The exhaustion requirement is satisfied if the substance of the federal habeas claim was presented to the highest state court in a procedurally proper manner. *Baldwin v. Reese*, 541 U.S. 27, 29-32 (2004); *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002). In Texas, the highest state court for criminal matters is the TCCA, and a prisoner must present the substance of his claims to the TCCA in either a PDR or an application for writ of habeas corpus under Texas Code of Criminal Procedure Article 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Respondent contends that Petitioner's amended due process allegation is unexhausted and thus procedurally barred from federal habeas corpus relief. (ECF No. 29 at 8-12). Indeed, the record confirms Petitioner has not fairly presented her amended allegation to the state court in either a PDR or state habeas application prior to seeking federal habeas corpus review. (ECF Nos. 15-11; 15-13). Because the allegation is being presented for the first time in this federal habeas proceeding, it is unexhausted under § 2254(b) and procedurally barred from federal habeas review.

"A procedural default . . . occurs when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Nobles v. Johnson*, 127

4

F.3d 409, 420 (5th Cir. 1997) (citation and internal quotation marks omitted). Petitioner failed to exhaust state court remedies with regard to the amended claim raised for the first time in her original reply brief (ECF No. 16) before this Court. Should this Court now require her to return to state court to satisfy the exhaustion requirement, the TCCA would find the claim procedurally barred under the abuse of the writ doctrine found in Article 11.07 § 4 of the Texas Code of Criminal Procedure. Because Texas would likely bar another habeas corpus application by Petitioner, she has committed a procedural default that is sufficient to bar federal habeas corpus review. *See, e.g., Bagwell v. Dretke*, 372 F.3d 748, 755-56 (5th Cir. 2004) (holding a petitioner procedurally defaulted by failing to "fairly present" a claim to the state courts in his state habeas corpus application); *Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002) (holding unexhausted claims were procedurally barred); *Jones v. Johnson*, 171 F.3d 270, 276-77 (5th Cir. 1999) (same).

Consequently, Petitioner is precluded from federal habeas review of these claims unless she can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider her amended claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Barrientes v. Johnson*, 221 F.3d 741, 758 (5th Cir. 2000). Petitioner has made no attempt to demonstrate cause and prejudice for her failure to raise these claims in state court. Nor has she made any attempt to show the Court's dismissal of these claims will result in a "fundamental miscarriage of justice." Thus, circuit precedent compels the denial of Petitioner's amended claim as procedurally defaulted.

B. **The Statute of Limitations**

Respondent also contends Petitioner's amended allegation is barred by the one-year limitation period of 28 U.S.C. § 2244(d). (ECF No. 29 at 13-18). Under this statute, a state

5

prisoner has one year to seek federal habeas review of a state court conviction, starting, in this case, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Petitioner's conviction became final February 2, 2016, ninety days after the TCCA refused her PDR and when the time for filing a petition for writ of certiorari to the United States Supreme Court expired. *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review"). As a result, the limitations period under § 2244(d) for seeking federal habeas review of Petitioner's underlying conviction expired a year later on February 2, 2017.

Petitioner filed her federal habeas petition (ECF No. 1) on May 23, 2017, three months after the expiration of the limitations period under § 2244(d). As noted by the Fifth Circuit, however, Petitioner did not raise the instant amended allegation in this initial petition. Instead, the issue was first raised on October 26, 2017, in Petitioner's reply to the Respondent's answer to her federal habeas petition. (ECF No. 16). Because it was not raised until over eight months after the limitations period expired, the allegation is barred by the one-year statute of limitations unless it is subject to statutory tolling, equitable tolling, or the "relate back" doctrine under Federal Rule of Civil Procedure 15(c).[2]

1.  <u>Statutory Tolling</u>

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that

---

[2] Rule 15(c)(2) instructs that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

6

violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Here, Petitioner's state habeas petition challenging her underlying conviction was filed September 19, 2016, and later denied February 8, 2017. Accordingly, the state habeas application tolled the limitations period for 143 days, making her federal petition due on June 25, 2017. Although Petitioner filed her federal habeas petition[3] within this time frame, she did not attempt to amend her petition with new claims—including the instant due process allegation—until filing her reply brief on October 26, 2017. Thus, her amended allegation is untimely by four months unless it is subject to equitable tolling or "relates back" to her timely-filed federal petition.

2. <u>Equitable Tolling</u>

Petitioner has not provided this Court with a valid reason to equitably toll the limitations period in this case. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*,

---

[3] Unlike her state habeas corpus application, Petitioner's federal habeas corpus petition does not toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that an application for federal habeas review is not an "application for State post-conviction or other collateral review" as contemplated by 28 U.S.C. § 2244(d)(2)).

560 U.S. 631, 649 (2010). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

In her briefing following remand, Petitioner does not contend that an exceptional circumstance warrants equitable tolling. Nor does she argue that she has been diligent in pursuing her rights but some extraordinary circumstance prevented her from filing earlier. In fact, Petitioner does not address Respondent's assertion that her amended claim is barred by the statute of limitations, much less attempt to establish that equitable tolling should apply in this case. Even with the benefit of liberal construction, Petitioner has provided no justification for the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling). Because Petitioner failed to assert any specific facts showing that she was prevented, despite the exercise of due diligence on her part, from timely filing her amended allegation in this Court, her claim is untimely and barred by § 2244(d)(1).

3. <u>Petitioner's new claim does not "relate back."</u>

Finally, Petitioner cannot establish that her amended allegation should "relate back" to her timely federal petition under Federal Rule of Civil Procedure 15(c). Claims raised in an amendment to a habeas petition do not automatically relate back merely because they arose out of the same trial and conviction. *Mayle v. Felix*, 545 U.S. 644, 650 (2005). As the Supreme

8

Court explained, "[i]f claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Id.* at 662. Thus, whether an amended claim relates back to the date of an earlier filed pleading depends on whether that claim asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading. *Id.* at 650.

Petitioner's amended allegation concerns whether the prosecutor's reference to Texas's parole and good-time laws during jury argument violated her right to due process. This allegation is completely different from the claims raised in her federal petition—that (1) trial counsel was ineffective in failing to object to her ninety-nine year sentence on Eighth Amendment grounds, and (2) the state appellate court conducted an incomplete review of the facts and law. In fact, the only thing they have in common is they arose from the same trial and conviction. This is not enough. Because Petitioner's amended allegation is completely unrelated to the two claims raised in her federal petition, the new claim does not relate back to the petition and is therefore barred by the statute of limitations.

### III. **Certificate of Appealability**

The Court must now determine whether to issue a COA. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack*, 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

### IV. Conclusion

After careful consideration, the Court concludes that Petitioner's new amended allegation is unexhausted and procedurally barred. The new allegation is also barred by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED**, and Petitioner Donna Marie Pryor's amended claim for relief is **DISMISSED WITH PREJUDICE** as untimely and procedurally defaulted;

2. Petitioner's Motion to Rescind Withdrawal (ECF No. 27) filed December 28, 2018, is **DENIED**;

3. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

4. All other remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

SIGNED this the 31 day of July, 2019.

_____
ORLANDO L. GARCIA
Chief United States District Judge